E. RENO CROSS (SBN 276200)
Email: rcross@smsm.com
SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.
505 Montgomery Street, 11th Floor
San Francisco, CA 94111
Telephone: 415.432.6465
Attorneys for Defendant
DOLLAR TREE STORES, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA ALVARADO, an individual,<br><br>  Plaintiff,<br><br>  vs.<br><br>DOLLAR TREE STORES, INC. and DOES 1 to 50, inclusive,<br><br>  Defendants. | Case No.:<br><br>Removed From Superior Court of The State of California, County of Kings, Case No. 24CU0533<br><br>State Court Complaint Filed: December 26, 2024<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT ON THE BASIS OF DIVERSITY JURISDICTION**<br><br>**[28 U.S.C. §§ 1332, 1441, 1446]**<br><br>Filed concurrently with:<br><br>(1) Civil Case Cover Sheet;<br>(2) Declaration of E. Reno Cross in Support of Notice of Removal<br>(3) Certification and Notice of Interested Parties<br>(4) Corporate Disclosure Statement |

TO THE CLERK, PLAINTIFF, AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant DOLLAR TREE STORES, INC. ("Defendant"), hereby removes the above-captioned action from the Superior Court in the State of California, County of Kings, to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446.

This Notice is based on the original jurisdiction of the United States District Court over

1

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT ON THE BASIS OF DIVERSITY JURISDICTION**

the parties under 28 U.S.C. § 1332. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

**STATEMENT OF JURISDICTION**

1. This Court has original jurisdiction over this action based on complete diversity of citizenship between the parties. 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

2. As set forth below, this case meets all the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice.

**STATUS OF PLEADINGS, PROCESS, AND ORDERS**

3. This lawsuit arises out of injuries allegedly sustained by Plaintiff CYNTHIA ALVARADO, an individual ("Plaintiff") because of an alleged incident and injuries sustained at Defendant's store in Hanford, CA 93230.

4. On December 26, 2024, Plaintiff filed a Complaint against Defendant in the Superior Court of the State of California, County of Kings, captioned *Cynthia Alvarado, an individual v. Dollar Tree Stores, Inc., Does 1 to 50, inclusive Case No. 24CU0533* (the "Complaint"). A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit A** and is incorporated by reference as if fully set forth herein. See Declaration of E. Reno Cross ("Cross Decl."), ¶ 2. The Complaint alleges a cause of action for: (1) Negligence; and (2) Premises Liability. *Id*. The allegations in the Complaint are incorporated into this Notice of Removal by reference without admitting the truth of any of them.

5. Concurrently filed with her Complaint, Plaintiff filed a Summons (**Exhibit B**) and a Civil Case Cover Sheet (**Exhibit C**). Cross Decl., ¶ 3.

6. Thereafter, on December 30, 2024, the Clerk filed a Certificate of Mailing (**Exhibit D**) and a Notice of Judicial Assignment and CMC (**Exhibit E**). Cross Decl., ¶ 4.

7. On January 3, 2025, Defendant was served with the Summons (**Exhibit B**), Complaint (**Exhibit A**) and Civil Cover Sheet (**Exhibit C**). Cross Decl., ¶ 5.

8. On January 8, 2025, Plaintiff filed Proof of Service of Summons on Defendant. (**Exhibit F**). Cross Decl., ¶ 6.

9. On February 3, 2025, Defendant filed its Answer to the Company in state court. (**Exhibit G**). Cross Decl., ¶ 7.

10. On April 11, 2025, in advance of the Case Management Conference scheduled for April 25, 2025, Defendant filed its Case Management Conference Statement and Amended Case Management Conference Statement (**Exhibit H**), Notice of Remote Appearance (**Exhibit I**), and Advance Jury Fee (**Exhibit J**). Cross Decl., ¶ 8.

11. On April 21, 2025, Plaintiff filed her Case Management Conference Statement (**Exhibit K**). Cross Decl., ¶ 9.

12. On April 25, 2025, the Case Management Conference went forward, presided over by Judge Robert Sane Burns and the court issued a Case Management Conference Order (**Exhibit L)**. Cross Decl., ¶ 10.

13. On May 20, 2025, the Clerk issued a Clerk's Certificate of Service (**Exhibit M**) and a Notice Civil – Jury Trial (**Exhibit N**). Cross Decl., ¶ 11.

14. On May 21, 2025, a Notice of Appearance was filed by E. Reno Cross on behalf of Dollar Tree (**Exhibit O**).  Cross Decl., ¶ 12.

15. Additionally, both Plaintiff and Defendant have responded to the standard discovery served on each other.  Cross Decl., ¶ 13.

16. Pursuant to 28 U.S.C. § 1446(a), **Exhibits A through O** hereto constitute all process, pleadings, and orders filed or served in the state court action. Cross Decl., ¶ 14. To Defendant's knowledge, it has not yet been served with any other process, pleadings, or orders related to this case or served by any party in the state court action. Cross Decl., ¶ 15.

17. To Defendant's knowledge, no proceedings related hereto, other than the above referenced Case Management Conference on April 25, 2025, have been heard in the state court action and no other parties have been named or served with the Summons and Complaint in the state court action. Cross Decl., ¶ 15.

3

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT ON THE BASIS OF DIVERSITY JURISDICTION**

**REMOVAL IS TIMELY**

18. If a complaint is not removable on its face, a defendant must remove within thirty (30) days after receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b)-(c).

19. Here, the Complaint is not removable on its face. The Complaint is silent with respect to the amount of damages Plaintiff seeks. Nor does the Complaint include any information from which Defendant could reasonably calculate that the amount in controversy exceeds $75,000. Plaintiff simply indicates that she seeks damages "in excess of the minimum jurisdictional limits", which includes, among other things, loss of earning, earning capacity, medical expenses and property damage. See **Exhibit A** - WHEREFORE clause.

20. The thirty (30) day time period to remove was triggered on June 24, 2025, when Plaintiff provided information allowing us to determine the amount in controversy is in excess of $75,000. Cross Decl., ¶ 18. Before June 24, 2025, and during the litigation, Plaintiff presented no documentation reflecting the total damages she claimed as a result of the allegations set forth in her Complaint. *Id*.

21. A document reflecting a settlement demand exceeding $75,000 generally constitutes an "other paper" sufficient to provide notice that a case is removable. *Babasa v. Lenscrafters, Inc.*, 498 F.3d 972, 974-75 (9th Cir. 2002); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim"). No exception to this general rule applies here.

22. This Notice of Removal is timely as it is filed within thirty (30) days of June 24, 2025, the first date that Defendant received notice that the amount in controversy exceeds $75,000 and is within one year from commencement of the state court action. *See* 28 U.S.C. § 1446(b)-(c).

**JURISDICTION AND VENUE ARE PROPER**

23. Venue is proper in this Court per 28 U.S.C. §§ 84(b) and 1391 because a

substantial part of the acts alleged in the Complaint are alleged to have occurred in this District, in the County of Kings. **See Exhibit A.**

24. This Court has original jurisdiction over the state court action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Pursuant to 28 U.S.C. § 1441(a) and (b), the state court action may be removed to this Court by Defendant because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs, as set forth below.

  A. **There Is Complete Diversity Between the Parties.**

    i. <u>Plaintiff is a Citizen of California.</u>

25. For jurisdiction and establishing diversity, the citizenship of an individual is deemed to be the person's domicile. See *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). Persons are domiciled in the place where they reside with the intent to remain or to return. See *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). However, ". . . [a] person's residence is prima facie evidence of domicile and citizenship" for purposes of removal. See *Lee v. BMW of America, LLC*, 2019 WL 6838911, at *5 (C.D. Cal. Dec. 16, 2019); *Anderson v. Watts*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary."); *Potts v. Ford Motor Co.*, 2021 WL 2014796, at *4 (S.D. Cal. May 20, 2021) ("Where the unrebutted evidence shows Plaintiffs reside in California, the Court may treat it as 'prima facie evidence of domicile and citizenship.'"); *Marin v. Target Corporations*, 2020 WL 5407454, at *2 (C.D. Cal. Sept. 9, 2020) (holding that a party's clearly stated allegations pertaining to her residence was sufficient to put the opposing party on notice that the case was removable under diversity jurisdiction because "her residence is prima facie evidence of her domicile"); *Fjelstad v. Vitamin Shoppe Indus. LLC*, No. 220CV07323ODWAFMX, 2021 WL 364638, at *3 (C.D. Cal. Feb. 3, 2021) ("[Plaintiff's] statement of her residence is prima facie evidence of her domicile."). Additionally, a party's allegation of minimal diversity may be based on "information and belief." *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014).

26. Plaintiff's responses to Form Interrogatories state that she has resided in

Hanford, CA 93230 since 2013. See Cross Decl. at ¶ 16.

    ii.  <u>Defendant is a Citizen of Virginia.</u>

27. For purposes of diversity jurisdiction, a corporation is a citizen of every state of incorporation and of the state where it has its principal place of business. See 28 U.S.C. § 1332(c)(1); *Bank of Calif. Nat. Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491-92 (9th Cir. 1972).

28. Defendant Dollar Tree Stores, Inc. is a Virginia corporation with its principal place of business, or "nerve center," located in Chesapeake, Virginia. See Cross Decl. ¶ 17; see also Defendant's Corporate Disclosure Statement filed concurrently herewith. Accordingly, Defendant is a citizen of the State of Virginia.

29. Defendant is not a citizen of the State of California for purposes of determining diversity of citizenship.

    iii.  <u>The Citizenship of the DOE Defendants Is Disregarded for Diversity Purposes on Removal.</u>

30. For purposes of removal, the citizenship of defendants sued under fictitious names should be disregarded, and citizenship of only named defendants should be considered. 28 U.S.C. § 1441(a)-(b)(1).

31. Defendants Does 1 through 50 are fictitious. The Complaint does not state the identity or status of these fictitious defendants, nor does it state any specific allegation of wrongdoing against any fictitious defendants. Pursuant to § 1441(b)(1), the citizenship of these fictitious defendants cannot destroy the diversity of citizenship between the parties and should be disregarded. *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690 (9th Cir. 1998).

32. As demonstrated above, Plaintiff and Defendant are diverse because they are citizens of different states. See 28 U.S.C. § 1332(a); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

**B. The Amount in Controversy Exceeds $75,000.**

33. Plaintiff's alleged damages exceed $75,000, exclusive of interest and costs. In her Complaint, Plaintiff claims she was injured at Defendant's store in Hanford, California (the

"Premises"), when she slipped and fell (the "Incident"). **See Exhibit A.** Plaintiff claims that as a result of the Incident, she sustained injuries. *Id*.

34. An action may be removed if the party seeking removal establishes, by a preponderance of the evidence, that the amount-in-controversy exceeds the jurisdictional amount. See *Abrego v. Dow Chemical Co*., 443 F. 3d 676, 683 (9th Cir. 2006). A notice of removal may satisfy this burden through plausible allegations, consistent with Federal Rules of Civil Procedure, Rule 8(a). See *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Evidentiary submissions are not required unless and until the allegations are contested by the plaintiff or questioned by the Court. *Id*. at 554. This standard is appropriate even when the complaint fails to allege or seek a specific amount of damages. See *Ibarra v. Manheim Inv., Inc*., 775 F.3d 1193, 1197 (9th Cir. 2015).

35. In deciding whether the amount in controversy exceeds the amount set forth in 28 U.S.C. § 1332 of $75,000, the Court looks to the allegations or the prayer of the complaint. See *Crum v. Circus Circus Enterprises*, 231 F.3d 1129 (9th Cir. 2000) ("Generally, the amount in controversy is determined from the face of the pleadings."); see also 28 U.S.C. § 1446(c)(2) ("the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, . . ."). Where a plaintiff initiates an action in state court and the complaint alleges damages in excess of $75,000, there is a strong presumption that the plaintiff did not inflate the damages claim to support removal. See St. *Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 290 (1938) ("There is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end. For if such were the purpose suit would not have been instituted in the first instance in the state but in the federal court.").

36. Further, in determining whether the amount in controversy exceeds the $75,000 jurisdictional amount, the Court must presume that Plaintiff will prevail on each and every one of his claims. See *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002), citing *Burns v. Windsor, Inc*., 31 F.3d 1092 (11th Cir. 1994) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability").

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT ON THE BASIS OF DIVERSITY JURISDICTION**

1 Additionally, the Court may look beyond the Complaint to determine whether the amount in controversy is met, if necessary. See *Abrego*, supra, 443 F.3d at 690.

37. The Court may use a plaintiff's Statement of Damages as the basis for determining whether the amount in controversy exceeds the jurisdictional minimum. See *Suber v. Reliance Nat. Indem. Co.*, 110 F.Supp.2d 1227, 1230 (N.D. Cal. 2000). Further, "[a]lthough plaintiff's 'statement of damages' is not part of the complaint or the state court file, it does carry more weight than a typical settlement demand or an informal correspondence between the parties." *Id*.

38. Here, based on an email from Plaintiff's counsel on June 24, 2025, the amount in controversy is in excess of $75,000. Cross Decl., ¶ 18. This email constitutes "other paper" for the purposes of determining diversity jurisdiction under 28 U.S.C. § 1446(b)(3). As such, the amount in controversy is satisfied as the demand exceeds $75,000.

39. While Defendant denies liability in this case, if Plaintiff prevails on Plaintiff's claims against Defendant, the aggregate amount in controversy presented by this case exceeds $75,000 for purposes of removal. Therefore, this matter is a civil action in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, thus meeting the requirements of 28 U.S.C. § 1332.

**COMPLIANCE WITH PROCEDURAL REQUIREMENTS**

40. As required by 28 U.S.C. § 1446(a), all process, pleadings, and orders served on Defendant in the state court action are attached to this Notice of Removal.

41. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, Defendant's counsel is providing written notice of such to Plaintiff's counsel of record: Katherine Lipel, Esq. of the Law Offices of Katherine Lipel. Cross Decl. ¶ 19. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Kings. *Id*.

**CONCLUSION**

WHEREFORE, having fulfilled all statutory requirements, Defendant removes this action from the Superior Court of the State of California, County of Kings, to this Court, and

SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.
505 MONTGOMERY STREET, 11TH FLOOR
SAN FRANSISCO, CA 94111
TELEPHONE: (415) 432-6465

requests that this Court assume full jurisdiction over this matter as provided by law.

Dated: July 23, 2025                    SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.


By: /s/ E. Reno Cross
E. Reno Cross
Attorneys for Defendant
DOLLAR TREE STORES, INC.

9
**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT ON THE BASIS OF DIVERSITY JURISDICTION**