# EXHIBIT A

ELECTRONICALLY
FILED
BY SUPERIOR COURT OF CALIFORNIA,
COUNTY OF KINGS COUNTY
12/26/2024
NOCONA SOBOLESKI, CLERK OF THE COURT
KAYA GODINEZ, DEPUTY

Electronically Submitted on 12/26/2024 12:57 PM

1  Katherine Lipel, Esq. (SBN: 190481)
2  Svetlana Liberman, Esq. (SBN:318076)
   Law Offices of Katherine Lipel
3  16001 Ventura Blvd., Suite 100
   Encino, CA 91436
4  Telephone: (818)904-0100
   Facsimile: (818)904-9393
5  Email: info@lipellaw.com

6

7  Attorneys for Plaintiff, Carolyn Johnson

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF KINGS

10  CYNTHIA ALVARADO, AN INDIVIDUAL,          CASE No:  24CU0533

11              PLAINTIFF,

12                                             **COMPLAINT FOR:**

13  V.                                         1) **NEGLIGENCE**

14                                             2) **PREMISES LIABILITY**

15  DOLLAR TREE STORES, INC. AND DOES
    1 THROUGH 50, INCLUSIVE.
16                                             **DEMAND FOR A JURY TRIAL**
              DEFENDANTS.
17

18

19

20

21        COMES NOW the PLAINTIFF, Cynthia Alvarado, and for causes of action against the

22  Defendants, and each of them, complains and alleges as follows:

23

24                          **FIRST CAUSE OF ACTION**

25                  (NEGLIGENCE, AS TO ALL DEFENDANTS)

26     1.  Plaintiff Cynthia Alvarado, an individual, is, and at all times herein mentioned was, a

27  resident of the County of Kings, State of California.

28     2.  Plaintiff is informed and believes and thereon alleges, that at all times herein mentioned

                                                              COMPLAINT

Defendant, Dollar Tree Stores, Inc., was an entity of an unknown nature organized and existing under and the laws of the State of California, and was and is doing business in the County of Kings, State of California.

3.    The true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants named herein as DOES 1 through 50, inclusive, are unknown to Plaintiff, who therefore sues Defendants by such fictitious names; and prays that their true names and capacities may be incorporated herein by appropriate amendment when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for the events and happenings referred to in this Complaint, and negligently or intentionally caused injury and damages proximately thereby to Plaintiff as hereinafter alleged; and are thereby liable to Plaintiff.

4.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, were the agents, employees, co-adventurers, servants, partners, principals, masters, employers, and/or associates of the remaining Defendants, and each or all of them; and at all times relevant were acting within the purpose and scope of such agency, service, employment, partnership and/or association.

5.    Defendant Dollar Tree Stores, Inc. and DOES 1 through 50, and each of them, owned; operated or caused to be operated; controlled or caused to be controlled; managed or caused to be managed; maintained or caused to be maintained; renovated or caused to be renovated; changed or caused to be changed; modified or caused to be modified; constructed or caused to be constructed; cleaned or caused to be cleaned; repaired or caused to be repaired; inspected or caused to be inspected; supplied or caused to be supplied; installed or caused to be installed; and supervised or caused to be supervised the buildings, and real property (including the component parts, structural portions and common areas of the  real property situated thereon) commonly known as the entrance walkway, located at 2584 N 10th Ave, Hanford, CA 93230  ("SUBJECT LOCATION").

6.    Defendants and each of them, owed a duty of care to Plaintiff and other persons visiting, walking, shopping at the SUBJECT LOCATION to exercise ordinary and reasonable care in the management, maintenance, and supervision of the SUBJECT LOCATION so as to prevent

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

reasonably foreseeable harm to, and not endanger, Plaintiff and other lawfully at the SUBJECT LOCATION.

7.  On or about January 20, 2023, Plaintiff was a lawful invitee at the SUBJECT LOCATION.  Plaintiff was walking in the Dollar Tree Store when she tripped and fell over the wooden planks used to make a makeshift entrance and exit, severely injuring herself as herein alleged.

8.  Defendants, and each of them, so negligently and carelessly owned; operated or caused to be operated; controlled or caused to be controlled; managed or caused to be managed; maintained or caused to be maintained; renovated or caused to be renovated; changed or caused to be changed; modified or caused to be modified; constructed or caused to be constructed; cleaned or caused to be cleaned; repaired or caused to be repaired; inspected or caused to be inspected; supplied or caused to be supplied; installed or caused to be installed; and supervised or caused to be supervised the SUBJECT LOCATION, so as to cause the same to be unfit, unsafe, and dangerous for individuals visiting, shopping or walking at the SUBJECT LOCATION.  As a direct and proximate result of the negligence and conduct of Defendants and each of them, Plaintiff was hurt as alleged above, sustaining bodily injuries as hereinafter alleged.

9.  Plaintiff is informed and believes and thereon alleges that Defendants and each of them created and/or knew, or in the exercise of ordinary and reasonable care should have known, in adequate time, of the dangerous condition and propensities of the SUBJECT LOCATION, so as to either warn about, make safe, correct, modify, change, or renovate the dangerous conditions and propensities then existing, and therefore not endanger individuals visiting, living, or walking at the SUBJECT LOCATION.

10. As a direct and proximate result of the acts and conduct of Defendants, and each of them, Plaintiff Cynthia Alvarado was hurt and injured in her health, strength and activity, sustaining, injuries to various parts of her body, severe shock and injury to her nervous system, and various other injuries to her person, all of which injuries have caused and will continue to cause Plaintiff great mental and physical pain and suffering, all to her damage in an amount unknown to Plaintiff at this time.  Plaintiff will seek leave of Court to amend this pleading to set forth the exact amount of such damages when the same has been fully ascertained, or upon proof at the time of trial.

COMPLAINT

11. As a direct and proximate result of the acts and conduct of Defendants, and each of them, Plaintiff was compelled to and did seek medical care and treatment. Plaintiff has incurred liability for medical care, treatment and expenses for drugs, physicians, surgeons, hospitals, therapy, and incidentals rendered to her. Plaintiff is informed and believes and thereon alleges that by reason of said injuries, she will require further medical care and therapy, and will incur further liability for such care and related expenses. The full extent of all such expenses incurred, and to be incurred, is presently not known to Plaintiff, who will seek leave of Court to amend the pleadings when the same has been fully ascertained, or upon proof at the time of trial.

12. As a direct and proximate result of the acts and conduct of Defendants, and each of them, Plaintiff was prevented from attending to her usual activities, and sustained loss of quality of life the full extent of which is not presently known. Plaintiff is informed and believes that she will be prevented from attending to her usual activities for a period of time in the future. The full extent of all such losses is not presently known, and Plaintiff will seek leave of Court to amend the pleadings when the same has been ascertained, or upon proof at the time of trial.

13. As a direct and proximate result of the acts and conduct of Defendants and each of them, Plaintiff suffered general damages, in an amount unknown to Plaintiff. The full extent of such general damages are presently unknown to Plaintiff, who will seek leave of court to amend this pleading when the same has been ascertained or upon proof at the time of trial.

## SECOND CAUSE OF ACTION

### (PREMISES LIABILITY, AS TO ALL DEFENDANTS)

14. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 13 of the First Cause of Action and incorporates them herein by this reference as though fully set forth.

15. On or about January 20, 2023, Plaintiff was lawfully at Defendant's premises at the address set forth above. Defendants failed to keep the common areas of SUBJECT LOCATION safe, free from hazard, and in good repair, failed to property inspect maintain and failed to install proper lighting at the entrance and exit walkway, thereby creating a dangerous condition, in violation of the duty of care owed to Plaintiff, such that Plaintiff was injured when she trip and fell at Defendant's premises.

COMPLAINT

-4-

16. Defendants failed to remedy and/or warn or guard against the dangerous condition, despite having knowledge, actual or constructive, of said dangerous condition, or were otherwise responsible for the existence of the dangerous condition.

17. Defendants knew, or in the exercise of reasonable care should have known, of the dangerous condition on said SUBJECT LOCATION for a sufficient period of time prior to Plaintiff's fall so as to have taken action to remedy the dangerous condition and/or to have warned or guarded Plaintiff.

18. As a direct, legal and proximate result of the breach of duty of care by Defendants, and each of them, Plaintiff slipped and fell on the premises, thereby resulting in serious injury to her.

19. As a direct, legal and proximate result of the negligence of Defendants, and each of them, Plaintiff was hurt and sustained serious injuries to her body and person.  Plaintiff's injuries caused and continue to cause her great physical pain and emotional pain and suffering.

20. As a direct, legal and proximate result of the negligence of Defendants, and each of them, Plaintiff incurred and will in the future incur medical and related expenses in the examination, care, and treatment of her injuries, the exact nature and extent of which are unknown to Plaintiff at this time.

21. As a direct, legal and proximate result of the negligence of Defendants, and each of them, Plaintiff has sustained general and special damages in excess of the jurisdictional limits of this Court.

WHEREFORE, Plaintiff, Carolyn Johnson, prays for judgment against the Defendants, and each of them, as follows:

1.      For general damages in an amount in excess of the minimum jurisdictional limits of this Court;

2.      For such loss of earnings and earning capacity according to proof;

3.      For the reasonable value of such medical expenses, x-rays, laboratory procedures, hospitalization, nursing care, and attention and drugs and sundries, according to proof;

4.      For the reasonable value of property damage;

5.      For interest on Plaintiff's damages as allowed by law;

COMPLAINT

-5-

1

2    6.    For costs of suit incurred herein; and

3    7.    For such other and further relief as to the court may deem just and proper.

4

Dated:  December 24, 2024

5                                                      LAW OFFICE OF KATHERINE LIPEL

6

7                                                      By _____

8                                                      Katherine Lipel
                                                       Svetlana Liberman
                                                       Attorneys for Plaintiff,
9                                                      Cynthia Alvarado

10

## DEMAND FOR A JURY TRIAL

11

Plaintiff hereby requests that this matter be tried by jury.

12

13

Dated:  December 24, 2024

14                                                     LAW OFFICE OF KATHERINE LIPEL

15

16

17                                                     By _____

18                                                     Katherine Lipel
                                                       Svetlana Liberman
                                                       Attorneys for Plaintiff,
19                                                     Cynthia Alvarado

20

21

22

23

24

25

26

27

28

COMPLAINT