UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA ALVARADO,<br><br>                  Plaintiff,<br><br>      v.<br>DOLLAR TREE STORES, INC.,<br><br>                  Defendant.<br>_____ / | Case No.  1:25−CV−00901−HBK<br><br>ORDER SETTING MANDATORY SCHEDULING CONFERENCE<br><br>DATE:  November 6, 2025<br><br>TIME:  10:45 AM<br><br>HELENA M. BARCH-KUCHTA<br>U.S. MAGISTRATE JUDGE |

     Rule 16(b) of the Federal Rules of Civil Procedure requires the Court to enter a Case Management and Scheduling Order "as soon as practicable."[1]  Therefore, it is ORDERED all parties shall appear at a telephonic Scheduling Conference (dial-in number: 1-669-254-5252; meeting ID 160 644 7139; passcode 646053) before United States Magistrate Judge Helena M. Barch-Kuchta at the above time and date.  Attendance at the Scheduling Conference is ***mandatory*** for all parties and should last no longer than thirty (30) minutes.  Counsel shall appear for represented parties.  An unrepresented party must appear personally.

     The Court cannot conduct the Scheduling Conference until the defendant has been served with the summons and complaint.  Plaintiff shall promptly file proof of service of the summons and complaint.  E.D. Cal. L.R. 210.  Plaintiff shall comply with Fed. R. Civ. P. 4, regarding the requirement

/////

---

[1] This Order refers to the parties in the singular regardless of the number of parties identified in the complaint.

of timely serving the complaint.  Failure to timely serve the summons and complaint may result in the imposition of sanctions, including dismissal of unserved defendants.

Due to Rule 16 mandates, the Court serves this Order upon plaintiff before appearances of the defendant are due.  The Court ORDERS plaintiff to serve a copy of this Order on the defendant, or, if identified, on their counsel, upon receipt of this Order, and to file an appropriate proof of service with the Court.  E.D. Cal. L.R. 135.

*Expectation for the Rule 26(f) Conference & Rule 26(f)(3) Discovery Plan*

At least twenty-one (21) days prior to the mandatory Scheduling Conference, and when reasonably feasible, the parties are urged to include at least one in-person meeting of the parties or their counsel during the Rule 26(f)(2) process to prepare the Joint Scheduling Report.  Because the parties must employ the federal and local rules to secure the just, speedy, and inexpensive disposition of this action (see Fed. R. Civ. P. 1; 16(c)(2)(P)), the parties must thoughtfully consider the proportional needs of this case given the claims, defenses, and other considerations in Rule 26(b)(1), and meaningfully discuss all issues identified in Rules 16(b)(3), 16(c)(2), 26(f)(2) and 26(f)(3).

The parties must file a Joint Scheduling Report[2] no later than two (2) full weeks prior to the Scheduling Conference.  The Joint Scheduling Report shall indicate the date and time of the Scheduling Conference opposite the caption on the first page of the Report.  The Joint Scheduling Report shall include:[3]

1. A brief summary of the factual contentions (e.g., uncontested and contested facts), and legal contentions (e.g., disputed and undisputed positions, jurisdiction, and venue), set forth in the pleadings of each party, including the relief sought by any party presently before the Court.

2. A complete and detailed discovery and pretrial plan addressing the following components, and including agreed dates or specifying where there is a disagreement:

---

[2] A template in word of the Joint Scheduling Report is available on Judge Helena M. Barch-Kuchta's Chamber's Page under "Standard Forms."

[3] If a party refuses to participate in preparing the Joint Scheduling Report, the non-offending party shall detail the party's effort to get the offending party to participate.  The non-offending party shall still file the report two (2) full weeks prior to the Scheduling Conference and list the non-offending party's proposed dates.  Absent good cause presented by the offending party prior to the Scheduling Conference, the dates proposed by the non-offending party will be presumed to be the dates jointly offered by the parties.  The offending party may be subject to sanctions, including monetary sanctions, to compensate the non-offending party's time and effort incurred in seeking compliance in drafting the Joint Scheduling Report.

a. Date for the exchange of Fed. R. Civ. P. 26(a)(1) initial disclosures or the date disclosures were completed;

b. Proposed deadline for amendments to pleadings, and if an amendment is anticipated, a general description of the proposed amendment, e.g., additional parties, adding/removing claims;

c. Firm cut-off date for non-expert discovery;[4]

d. Firm date for disclosure of expert witnesses as required by Fed. R. Civ. P. 26(a)(2), and a date for any supplemental expert disclosures;

e. Firm cut-off date for expert witness discovery;

f. Any proposed changes in the limits on discovery imposed by Fed. R. Civ. P. 26(b); 30(a)(2)(A), (B); 30(d); or 33(a);

g. Whether the parties anticipate the need for a protective order relating to the discovery of information relating to a trade secret or other confidential information, research, development, or commercial information;

h. Any issues or proposals relating to the timing, sequencing, phasing, or scheduling of discovery;

i. Whether the parties anticipate the need to take discovery outside the United States and, if so, a description of the proposed discovery;

j. Whether any party anticipates video and/or sound recording of depositions;

k. Date for filing non-dispositive and dispositive pre-trial motions, with the understanding that motions (except motions in limine or other trial motions) will not be entertained after the agreed upon date;

l. Pre-trial conference date; and

m. Trial date.

/////

---

[4] The Court follows the rule that the completion date means that all discovery must be finished by the deadline set in the Rule 16 Case Management and Scheduling Order. Litigants–by their own agreement–may conduct discovery after the formal completion date but the Court will likely not resolve discovery disputes after the discovery completion date. In fact, motions to compel filed after the discovery deadline are presumptively untimely and may be denied on that basis alone.

3. The parties must thoroughly discuss settlement before preparing the Joint Scheduling Report and engaging in extensive discovery. Even if settlement negotiations are progressing, the parties must comply with the requirements of this Order unless otherwise excused by the Court because the entire case has settled.[5] This Court's local rules require a settlement conference to be held in all actions unless otherwise ordered by the Court. The parties shall state in the Joint Scheduling Report whether they desire a to participate in private mediation, the Court's VDRP, or a settlement conference before a Magistrate Judge, and state whether such settlement option will occur before engaging in discovery, after discovery, or after pre-trial motions, etc. E.D. Cal. L.R. 270, 271.

4. The parties shall indicate whether the case is to proceed to a jury or bench trial and provide an estimate of the number of trial days required. If the parties disagree as to whether a jury trial has been timely demanded or whether one is available on some or all of the claims, the statement shall include a summary of each party's position. If the parties cannot agree as to the number of days, each party shall give their best estimate. In estimating the number of trial days, the parties should keep in mind that this Court is normally able to devote the entire day to trial.

5. The parties shall state whether the parties intend to consent to proceed before a United States Magistrate Judge. Presently, when a civil trial is set before the District Judges in the Fresno Division, any criminal trial set which conflicts with the civil trial will take priority, even if the civil trial was set first. Continuances of civil trials under these circumstances may no longer be entertained, absent good cause, but the civil trial may instead trail from day to day, or week to week, until the completion of either the criminal case or the older civil case. The parties are advised that they are free to withhold consent or decline magistrate jurisdiction without any adverse consequences.

6. The parties shall state whether either party requests bifurcation, or phasing of trial, or has any other suggestion for shortening or expediting discovery, pre-trial motions, or trial.

7. The parties shall state whether this matter is related to any matter pending in this Court or any other court, including bankruptcy court. E.D. Cal. L.R. 123.

/////

/////

---

[5] If the entire case is settled prior to the Scheduling Conference, the parties must immediately notify the Court. E.D. Cal. L.R. 160. The Court will vacate the Scheduling Conference.

*Other Discovery Practices*

1. Unless a party justifies an express objection in the Joint Scheduling Report to service of discovery by email, the Court considers all parties (except incarcerated or detained persons not represented by counsel) to have consented to service of discovery by email. *See* Fed. R. Civ. P. 5(b)(2)(E).

2. Discovery Relating to Electronic, Digital and/or Magnetic Data. Prior to a Fed. R. Civ. P. 26(f) conference, counsel shall investigate their respective client's information management system so that they are knowledgeable as to its operation, including how information is stored and how it can be retrieved. Counsel shall also conduct a reasonable review of their respective client's computer files to ascertain the contents thereof, including archival and legacy data (outdated formats or media), and disclose in initial discovery (self-executing routine discovery) the computer-based evidence which may be used to support claims or defenses. A party seeking discovery of computer-based information shall notify the opposing party immediately, but no later than the Fed. R. Civ. P. 26(f) conference, of that fact and identify as clearly as possible the categories of information which may be sought.

3. Duty to Meet and Confer. The parties shall meet and confer regarding the following matters during the Fed. R. Civ. P. 26(f) conference:

    a. Computer-based information (in general): The parties shall attempt to agree on steps the parties will take to segregate and preserve computer-based information in order to avoid accusations of spoliation.

    b. E-mail information: The parties shall attempt to agree as to the scope of e-mail discovery and attempt to agree upon an e-mail search protocol. This should include an agreement regarding inadvertent production of privileged e-mail messages.

    c. Deleted information: The parties shall confer and attempt to agree whether or not restoration of deleted information may be necessary, the extent to which restoration of deleted information is needed, and who will bear the costs of restoration; and

/////

     d.    Back-up data: The parties shall attempt to agree whether or not back-up data may be necessary, the extent to which backup data is needed, and who will bear the cost of obtaining back-up data.

*Timing of the Mandatory Scheduling Conference*

The Scheduling Conference is set at the time the summonses are issued in this action. The Court is mindful that in some situations the case is not procedurally in the posture for the date and time set for the Scheduling Conference. Such situations include, but are not limited to, those in which all defendants have not yet been served or have not filed an answer to the complaint, the defendant has defaulted, or where there is a pending motion to dismiss and/or motion to remand (in removal actions). If such circumstances exists and it would conserve the resources of the parties for the Court to continue the Scheduling Conference, then the parties should inform the Court prior to the Joint Scheduling Report filing deadline. If, after a review of the Joint Scheduling Report, the Court determines the case is not procedurally postured for the Scheduling Conference to be held, the Court will *sua sponte* continue the Scheduling Conference to an appropriate time. Alternatively, the Court will consider advancing the Scheduling Conference if the parties request an earlier date for the Scheduling Conference and have already filed their Joint Report.

*Important Chambers' Information*

The parties are directed to the Court's website at www.caed.uscourts.gov. for specific information regarding court procedures. Specific information for Magistrate Judge Helena M. Barch-Kuchta can be found by selecting "U.S. Magistrate Judge Helena M. Barch-Kuchta" from the "Judge" and "all Judges" tab and then selecting "Civil Procedures" under the "Case Management Procedures" heading. A template in word of the Joint Scheduling Report is available on Judge Helena M. Barch-Kuchta's Chamber's Page under "Standard Forms."

Should counsel or a party appearing *pro se* fail to appear at the Mandatory Scheduling Conference or otherwise fail to comply with the directions as set forth above, an *ex parte* hearing may

/////

/////

/////

be held and contempt sanctions, including monetary sanctions, dismissal, default judgment, or other appropriate sanctions, may be ordered.

DATED: July 24, 2025

*Helena M. Barch-Kuchta*
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE